LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MIN YU XIAO,                                          :          07 Civ.
                                                      :
                                    Plaintiff,        :          **COMPLAINT**
                                                      :
                  - against -                         :
                                                      :
LUCKY CHATHAM REALTY CORP. and                        :
RICHARD T. WONG,                                      :
                                                      :
                                    Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Min Yu Xiao (hereinafter "Xiao"), by his attorneys, Levy Davis & Maher, LLP,

complains of defendants, Lucky Chatham Realty Corp. (hereinafter "Lucky Chatham") and

Richard T. Wong (hereinafter "Wong") as follows:


**PRELIMINARY STATEMENT**

1.      Plaintiff complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et

seq. ("FLSA") and the New York Minimum Wage Act, Article 19 of the Labor Law of the State

of New York, ("Labor Law" or "NYMWA"), that he is owed back wages from defendants for

overtime work for which he did not receive any overtime premium pay.

2.      Plaintiff complains pursuant to the FLSA and NYMWA that he is owed back

wages from defendants for hours worked for which he did not receive lawful minimum wages.

Plaintiff also complains that he is owed back wages under the New York Labor Law for having

worked excessively long shifts, for which he is entitled to premium pay.

## JURISDICTION AND VENUE

3.        This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.        The venue of this action is proper because plaintiff performed labor and services at premises maintained by the defendants in the Southern District of New York, i.e., a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

5.        Lucky Chatham is a domestic business corporation organized under the laws of the State of New York.  It owns, leases, subleases, rents and/or maintains real estate in the City, County and State of New York, and has its place of business there.

6.        Wong is a natural person, residing in the City, County and State of New York.  At all relevant times, Wong was and is the principal of Lucky Chatham.  At all relevant times, Wong was plaintiff's employer within the meaning of the FLSA.

7.        Xiao is a natural person, currently residing in the City, County  and State of New York.  Upon information and belief, Xiao was employed by Wong, Lucky Chatham and/or its predecessor in interest from approximately March 2000 until January 2006.

## FACTUAL ALLEGATIONS

8.      Upon information and belief, Xiao was engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that plaintiff worked for defendants as a porter, janitor or handyman.

9.      Defendants were, was, at all relevant times, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

10.      Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11.      Upon information and belief, Lucky Chatham is the successor in interest of 61 St. James Place Inc., a domestic business corporation that formerly leased the building at which plaintiff was employed.

12.      Lucky Chatham leases the building at which plaintiff was employed from Lucky Mott Realty LLC, a domestic limited liability corporation.  Upon information and belief, Lucky Chatham and Lucky Mott Realty LLC are owned (in whole or in principal part) by the same person or persons and/or their close relatives.

13.      Defendants did not pay any cash wages to plaintiff.  Instead, defendants provided plaintiff a room in which to sleep.

14.      Xiao regularly worked in excess of 40 hours in the workweek.  However, plaintiff was not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

15.      Plaintiff regularly worked in excess of ten hours and/or a split shift on a single workday.  However, plaintiff was not paid premium pay for the excessive hours/split shift.

**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION**

16.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 15 of this Complaint.

17.     Plaintiff frequently worked over forty hours in a workweek.

18.     Although plaintiff worked, at all relevant times, over forty hours in a workweek, he was not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

19.     Plaintiff is entitled to one and one-half of his regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION**

20.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 19 of this Complaint.

21.     Plaintiff is entitled to minimum wages for all hours worked under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION**

22.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 21 of this Complaint.

23.     Plaintiff  has not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y.

Labor Law §§ 190 et seq.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

24.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 23 of this Complaint.

25.     Defendant's failure to compensate plaintiff for earned wages, minimum wages and overtime work as required by the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq. was willful.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

26.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 25 of this Complaint.

27.     Plaintiff is entitled to an additional one hour's pay at the minimum hourly wage rate for any day in which the spread of hours worked exceeds 10 hours and/or there is a split shift.

28.     Defendant failed and refused to pay plaintiff additional wages as required under 12 NYCRR § 142-2.4, which regulation was duly promulgated pursuant to N.Y. Labor Law § 21(11).

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

29.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 28 of this Complaint.

30.     Defendant's failure to pay plaintiff additional wages as required under 12 NYCRR § 142-2.4 was willful.

### AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION

31.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 30 of this Complaint.

32.     Defendants' failure to pay minimum wages under the FLSA was willful.

### AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION

33.     Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 32 of this Complaint.

34.     Defendants' failure to pay overtime premium pay under the FLSA was willful.

35.     Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1.  Directing defendant to  pay back pay to plaintiff;

2.  Directing defendant to pay liquidated damages to plaintiff  under the FLSA;

3.  Directing defendant to pay liquidated damages under the New York Labor Law;

4.   Directing defendant to pay pre-judgment interest;

5.  Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

6.  Granting such other and further relief as this Court deems necessary and

proper.

Dated: New York, New York
       October 22, 2007

Levy Davis & Maher, LLP

By:_____/s/_____

Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
(212) 371-0033