UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| MIN YU XIAO, | : | 07 Civ. 9430 (RWS) (DFE) |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| LUCKY CHATHAM REALTY CORP. and | : | |
| RICHARD T. WONG, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

**LEVY DAVIS & MAHER, LLP**
**880 Third Avenue**
**New York, New York 10022**
**(212) 371-0033**

Of Counsel:    Jonathan A. Bernstein (JB 4053)

## **Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.     Standards Applicable to this Motion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.    Lucky Mott Misunderstands FLSA Enterprise Coverage  . . . . . . . . . . . . . . . . . . 2

      III.   Lucky Mott is Not an "Unrelated Company;"
           Plaintiff is Entitled to Adduce Facts Supporting His Argument that
           Lucky Mott's Revenues Should Be Aggregated  . . . . . . . . . . . . . . . . . . . . . . . . . 3

      IV.   The Revenues of All Parts of an "Enterprise" May Be Aggregated to Meet the
           Jurisdictional Dollar Volume Threshold  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      V.    The Dollar Amount of Lucky Mott's Revenues
           Is Not Relevant to This Motion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      VI.   Lucky Mott Has Not Shown Its Entitlement to a Protective Order  . . . . . . . . . . . 7

      VII.  Lucky Mott's Memorandum of Law Sets Forth Conclusory Arguments
           Unsupported by Citation;
           The Failure to Cite Authority Permits Denial of the Motion and Requires
           Acceptance of the Legal Standards Proposed by Plaintiff . . . . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Table of Authorities**

<u>Federal Cases</u>

Application of Apollo Advisers, LP, 1993 U.S. Dist. LEXIS 7927 (S.D.N.Y. 1993) . . . . . . . . . . 2

Application of Sumar, 123 F.R.D. 467 (S.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Archie v. Grand Central Partnership, 997 F. Supp. 504 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . 3, 5

Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135 (S.D.N.Y. 1997) . . . . . . . 7

Chao v. A-One Med. Servs., Inc. 346 F.3d 908 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 5

Chao v. Vidtape, 196 F. Supp. 2d 281 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689 (4th Cir. 1990) . . . . . . . . . . . . . . . 3

Gambale v. Deutsche Bank AG, 377 F.3d 133 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Joy v. North, 692 F.2d (2d Cir. 1982), cert. denied, 460 U.S. 1051 (1983) . . . . . . . . . . . . . . . . 8

Lopez v. Silverman, 14 F. Supp. 2d 40 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Mermelstein v. Maki, 830 F.Supp. 184 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Morrison v. Blitz, 1992 WL 75088 (S.D.N.Y. 4/1/92) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Sasso v. P.R.V. Concrete Corp., 1987 WL 15113 (S.D.N.Y. 7/31/87) . . . . . . . . . . . . . . . . . . . . 9

Turick by Turick v. Yamaha Motor Corp. USA, 121 F.R.D. 32 (S.D.N.Y. 1988) . . . . . . . . . . . 7

Wirtz v. Melos Construction Corp., 408 F.2d 626 (2d Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Federal Statutes</u>

29 U.S.C. §§ 201 <u>et seq</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

29 U.S.C. § 203(r) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. § 203(s)(1)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Regulations

29 C.F.R. § 779.206(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 C.F.R. § 779.215(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 C.F.R. § 779.218. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 C.F.R. § 779.222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 C.F.R. § 779.224 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


Federal Rules

Fed. R. Civ. Pro. 26(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. Pro. 26(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. Pro. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6


Local Rules

Local Civil Rule 7.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Local Civil Rule 37.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


State Statutes

N.Y. Labor Law Article 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

### Preliminary Statement

This is an action to recover unpaid minimum wages and overtime premium pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and N.Y. Labor Law Article 6. Min Yu Xiao, the plaintiff, worked for several years in defendants' single-room occupancy hotel. Mr. Xiao alleges that he was paid no cash wages at all for this work.

The FLSA requires payment of minimum wages and overtime premium pay to, inter alia, employees of "enterprises in commerce." A covered enterprise has employees handling or otherwise working on goods or materials that have been moved in commerce whose annual gross revenues are not less than $500,000. Id. § 203(r)(A)(I)-(ii). An enterprise is "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." Id. (r)(1).

In this case, the corporate defendant (Lucky Chatham Realty Corp.) alleges annual revenues of some $120,000 and disputes FLSA coverage based on the failure to meet the gross dollar volume threshold. Plaintiff accordingly seeks evidence that non-party Lucky Mott Realty LLC performs related activities for a common business purpose.[1] Lucky Mott now seeks to quash the subpoena and 30(b)(6) notice or alternatively issuance of a protective order.

---

[1] Plaintiff, having no reason to believe that Lucky Mott had the authority to control the terms and conditions of his employment, does not allege that Lucky Mott and the defendants were joint employers. Lopez v. Silverman, 14 F. Supp. 2d 405, 419 (S.D.N.Y. 1998).

## Argument

### I.    Standards Applicable to this Motion

Subpoenas and motions to quash are governed by Fed. R. Civ. Pro. 45.  A subpoena may be quashed if it subjects a person to undue burden.  Id. (c)(3)(A)(iv).  Southern District courts have held that a subpoena may be unreasonably burdensome if it seeks irrelevant or unnecessary information.  Application of Sumar, 123 F.R.D. 467, 472 (S.D.N.Y. 1988) (Leisure, J.), citing United States v. Int'l Business Machines, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

The burden of persuasion of unreasonableness is on the party seeking to quash.  Id.  A party may obtain discovery of any matter reasonably likely to lead to the discovery of admissible evidence.  Fed. R. Civ. Pro. 26(b)(3). That is, Lucky Mott has the burden of proving that the information plaintiff seeks is irrelevant as defined by Rule 26.  Application of Apollo Advisers, LP, 1993 U.S. Dist. LEXIS 7927 at * 6 (S.D.N.Y. 1993) (to survive a motion to quash, the discovery sought must be relevant to the proceeding or reasonably calculated to lead to the discovery of evidence that would be admissible) (Leisure, J.).  Lucky Mott contends nevertheless that the party seeking discovery bears a "cascading set of burdens."  This contention, which is offered without authority, is simply wrong.

### II.    Lucky Mott Misunderstands FLSA Enterprise Coverage

Lucky Mott argues that interstate commerce is not satisfied because Mr. Xiao was a porter, janitor or handyman.  Lucky Mott is simply wrong.  Although the argument might have carried the day 50 years ago, the FLSA was amended in 1961 to make clear that employees like Mr. Xiao are protected by the statute (so long as the gross dollar volume threshold is met).

2

An enterprise is covered by the FLSA if it has two or more employees who handle or otherwise work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A)(i). For generations, it has been universally acknowledged that this clause significantly expanded the statute's reach by extending coverage to any enterprise whose employees have contact with goods, even after the interstate portion of their movement. Wirtz v. Melos Construction Corp., 408 F.2d 626 (2d Cir. 1969). It is equally well settled that this is so even if the goods are consumed by the employer for the ultimate benefit of its persons residing on the premises operated by the defendant. Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, 692 (4th Cir. 1990).

In other words, if, during his employment, Mr. Xiao used brooms or screwdrivers manufactured outside of New York, and Mr. Wong (the individual defendant and presumably an employee of the corporate defendant) used office supplies manufactured outside of New York, or another employee did either of these things, the interstate commerce standard is satisfied. E.g. Melos, supra (purely local construction company subject to FLSA because its employees used a ready-mix concrete that contained an ingredient that originated out-of-state).

III.    **Lucky Mott is Not an "Unrelated Company;" Plaintiff is Entitled to Adduce Facts Supporting His Argument that Lucky Mott's Revenues Should Be Aggregated**

"Enterprise" has three elements: (1) related activities, (2) unified operation or common control, and (3) common business purpose. Archie v. Grand Central Partnership, 997 F. Supp. 504, 525 (S.D.N.Y. 1998) (Sotomayor, J.), citing Brennan v. Arnheim & Neely, 410 U.S. 512, 518 (1973).

3

The regulations list three situations in which activities are "related," including, unsurprisingly, when the activities are the same or similar. 29 C.F.R. § 779.206(a).

Either unified operation or common control satisfies the second prong. Id. § 779.215(a); 29 U.S.C. § 203(r). Unified operation means organization of the performance of related activities so that they are in effect an economic unit directed to accomplishing a common business purpose. 29 C.F.R. § 779.218. Common ownership provides sufficient, but not necessary, evidence of common control. Id. § 779.222; .224(a)-(b). Thus, Lucky Mott's allegation that it has no board members in common with Lucky Chatham does not disprove common control.

In Chao v. Vidtape, 196 F. Supp. 2d 281 (E.D.N.Y. 2002), the court ruled that both corporate defendants (Vidtape and Inventive) as well as the individual family members who were the principals of the companies were an enterprise. The sale of Vidtape's assets to Inventive was not an arms' length transaction, the financing and ownership of the two indicated that together they constituted a family business, the two companies' activities were "intertwined" and the two shared offices.

Here, Lucky Chatham and Lucky Mott each operate Chinatown real estate. The principal of one is the son of the principal of the other. Both entities' corporate offices are at the same address. Lucky Chatham apparently has no function except to sublease the rooms in the building it leases from Lucky Mott.

To be sure, the Vidtape/Inventive relationship is probably not identical to the Lucky Chatham/Lucky Mott relationship. That is beside the point. Plaintiff is entitled to make his case that Lucky Chatham and Lucky Mott should be deemed a single enterprise.

4

Mr. Xiao seeks to develop the evidence that would support such an argument. Lucky

Mott would have this Court limit the plaintiff's ability to develop the evidence. One can

only conclude that Lucky Mott's attempt to do so, and its engagement of counsel for the

purpose of so attempting, is itself evidence that Lucky Chatham and Lucky Mott are

operated for a common business purpose (the third prong of the "enterprise" analysis).


**IV.    The Revenues of All Parts of an "Enterprise" May Be Aggregated to Meet the Jurisdictional Dollar Volume Threshold**

It is respectfully submitted that aggregation of revenues across an enterprise is the very

purpose of enterprise coverage. That is, there is no reason <u>but</u> aggregation of revenues for an

FLSA plaintiff to allege related activities, unified operation/common control and common

business purpose. Every § 203(r) case, <u>e.g.</u>, <u>Vidtape</u>, <u>Archie</u>, involves the aggregation of values.

<u>Chao v. A-One Med. Servs., Inc.</u> 346 F.3d 908 (9th Cir. 2003) is one of the few cases to make

this point explicitly. In that case, A-One was admittedly a covered enterprise but the co-

defendant (Alternative), which employed the plaintiff, was a separate entity with less than

$500,000 annual revenue. Having found that the two companies were an enterprise for Section

203(r) purposes, the court aggregated their revenues and required Alternative to comply with the

FLSA.

Here, assuming that Lucky Mott and Lucky Chatham are found to be a single enterprise,

all of the revenues of the two entities should be aggregated for purposes of meeting the $500,000

jurisdictional threshold. There is no support in logic for Lucky Mott's argument that only the

$42,000 it receives from Lucky Chatham should be aggregated; it offers no legal support for the

contention.

The argument begs the question: why would Lucky Mott care whether Lucky Chatham is exposed to FLSA liability?  There is only one conceivable motive for Lucky Mott to expend attorney's fees to argue about the portion of its revenues that are subject to aggregation for FLSA purposes – Lucky Mott and Lucky Chatham are operated for a common business purpose.

**V.    The Dollar Amount of Lucky Mott's Revenues Is Not Relevant to This Motion**

Lucky Mott contends that its revenues plus Lucky Chatham's revenues together come to less than $500,000 and that the subpoena should therefore be quashed.  That is, the non-party contends essentially that plaintiff will not be able to prove his claim.

Put another way, the non-party is making the defendant's summary judgment motion, even before discovery.

Lucky Mott does not say how it came to conclude that plaintiff cannot prove his claim. Lucky Mott does not have access to plaintiff's counsel's work product.

Plaintiff has disclosed his legal theories in broad outline and more than satisfied his duty to protect non-parties from oppression.[2]  Fed. R. Civ. Pro. 45(c).  It is respectfully submitted that Lucky Mott does not have the right to advance disclosure of the particulars of plaintiff's theories

---

[2]  Lucky Mott's counsel and plaintiff's counsel have negotiated a stipulation excusing the deposition testimony of Lucky Mott Brokerage, LLC, whose principal is the sister of Lucky Chatham's principal/daughter of Lucky Mott Realty's principal.  Counsel will execute the stipulation upon delivery of an affidavit from the sister/daughter that although she formed the LLC for the purpose of conducting real estate transactions, she never actually did so.  Plaintiff's counsel has also excused the appearance of Lucky Pell Realty LLC, an entity incorporated by Richard Wong, which has no other relation to the defendants.

or how plaintiff's counsel intends to marshal the evidence.  Nor does Lucky Mott have the right

to advance disclosure of the questions plaintiff's counsel intends to ask at the pending party and

non-party depositions.


**VI.    Lucky Mott Has Not Shown Its Entitlement to a Protective Order**

Lucky Mott has not shown good cause for a protective order.  The application is not

properly before the court in any event.

This Court may issue a protective order upon good cause shown if necessary to protect a

witness from annoyance, embarrassment, oppression, undue burden or expense and compliance

with federal and local rule (discussed <u>infra</u>).  Even a motion for a protective order properly before

the court must be supported by a showing of particular and specific facts, rather than stereotype

and conclusory statement.  <u>Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135

(S.D.N.Y. 1997).  Although the court may enter a protective order requiring that trade secrets or

confidential information be disclosed subject to prescribed conditions, such an order cannot issue

absent a showing that the information is indeed a trade secret, etc.  <u>Id.</u>; <u>Turick by Turick v.

Yamaha Motor Corp. USA</u>, 121 F.R.D. 32, 35 (S.D.N.Y. 1988) (Edelstein, J.).

There has been no such showing.  Lucky Mott's application is based exclusively on its

contention that the discovery sought is irrelevant.  It cites neither law nor fact that would show

annoyance, oppression, etc.

A Southern District court cannot entertain a Rule 26 motion unless the movant's counsel

first requests an informal conference.  Local Civil Rule 37.2.  No such request was made.  Nor

can Lucky Mott certify that it has conferred or attempted to confer with other affected parties in

an attempt to resolve the matter without judicial intervention as required by Fed. R. Civ. Pro. 26(c). As Lucky Mott's counsel correctly notes, counsel for plaintiff and for Lucky Mott have been conferring since shortly after the subpoena was served five weeks ago regarding plaintiff's need for the information and theory of relevance. However, Lucky Mott never raised its apparent confidentiality concerns.

Lucky Mott cites no authority in support of its demand that all information learned pursuant to the subpoena be destroyed. It is respectfully submitted that there is no such authority, but there is authority for the proposition that litigation materials are presumptively not sealed. E.g., Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982), cert. denied, 460 U.S. 1051 (1983) (because they relate to a court's adjudication process, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"); Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) (same).

Moreover, there is no support for Lucky Mott's attempt to limit the scope of inquiry to Lucky Mott's revenues. As is discussed above, plaintiff is entitled to inquire regarding the relationship between Lucky Mott and the defendants. Defendants deny that they, together with related entities acting for a common business purpose, form an enterprise in commerce. Am. Ans. (Dkt. No. 7) ¶ 5; Cplt. (Dkt. No. 1) ¶ 10. If defendants were to withdraw that denial, plaintiff would have no need to develop evidence of unified operation, related activities and common business purpose.

8

**VII.  Lucky Mott's Memorandum of Law Sets Forth Conclusory
Arguments Unsupported by Citation; The Failure to Cite Authority
Permits Denial of the Motion and Requires Acceptance of the Legal
Standards Proposed by Plaintiff**

All motions filed in the Southern District of New York must be supported by a memorandum of law.  Local Civil Rule 7.1.  The memorandum must set forth the points and authorities relied on by the movant.  Id.  A party's willful failure to file a memorandum of law justifies denial of the motion.  Id., Morrison v. Blitz, 1992 WL 75088 (S.D.N.Y. 4/1/92) (Leval, J.).  A document containing conclusory allegations rather than case citations is not a memorandum of law within the meaning of Local Civil Rule 7.1.  Mermelstein v. Maki, 830 F.Supp. 184 (S.D.N.Y. 1993) (Sotomayor, J.).  The court may deny a motion supported by such a document on that basis alone.  Id.

Lucky Mott's memorandum contains no citations to cases, regulations or Federal Rules of Civil Procedure and a single passing citation to a statute.  As is discussed at Point II supra , Lucky Mott's reading of the statute completely ignores the 1961 Amendment to the FLSA and nearly 50 years of caselaw.

Even if this Court declines plaintiff's invitation to deny Lucky Mott's motion for failure to comply with Local Rule 7.1, it should deem the failure a concurrence with the authorities set forth in this memorandum in opposition or a waiver of the right to argue the relevant law.  Sasso v. P.R.V. Concrete Corp., 1987 WL 15113 (S.D.N.Y. 7/31/87) (Haight, J.).

9

## Conclusion

For the foregoing reasons, the application of Lucky Mott Realty LLC to quash and/or for a protective order should be denied in its entirety. Plaintiff seeks such other and further relief as to this Court may seem just, fair and equitable.

Dated: New York, New York
  May 20, 2008

            Respectfully submitted,


            _____/s/_____

            Jonathan A. Bernstein (JB 4053)
            Levy Davis & Maher, LLP
            880 Third Avenue
            New York, New York 10022
            Tel:  (212) 371-0033
            Attorneys for Plaintiff


To:  Carl D. Bernstein (CB 8002)
   Charles M. Newman (CN 9370)
   Agins, Siegel, Reiner & Bouklas, LLP
   386 Park Avenue South, Suite 1200
   New York, New York 10016
   Attorneys for Lucky Mott Realty LLC

   Matthew C. Kesten (MK 6099)
   Kantor, Davidoff, Wolfe,
    Mandelker & Kass, P.C.
   51 East 42nd Street, 17th Floor
   New York, New York 10017
   (212) 682-8383
   Attorneys for Defendants